Silver, P. J,
(concurring). I concur in the opinion of my colleague, Judge Gassmae. However, because we are dealing with a field of expression, I deem it necessary to discuss the defendants’ contention “that since the expression of ideas is protected, it follows that it cannot be limited to any particular classified audience, since it may not be interfered with at all ”.
The guarantees of freedom of expression give no absolute protection for every utterance. All ideas, even unorthodox ideas or ideas hateful to the prevailing climate of opinion, have the full protection of the guarantees, unless excludable because they encroach upon the limited area of more important interests. (See Roth v. United States, 354 U. S. 476; Beauharnais v. Illinois, 343 U. S. 250.)
The statute in question prohibits the sale “to any person under the age of eighteen (18) years any * * * book * * * which exploits * * * or is principally made up of descriptions of illicit sex or sexual immorality or which is obscene, lewd, lascivious, filthy, indecent or disgusting ”. The words contained in the statute describe that form of immorality which has relation to sexual impurity and have a tendency to excite lustful thoughts.
The statute does not offend the constitutional safeguards against convictions based upon protected material, nor does it *803 fail to give adequate notice of what is prohibited. It is therefore a proper exercise of legislative power.
Impellitteri, J., concurs with Gassman, J.; Silver, P. J., concurs in a separate opinion. Motions denied, etc.